**United States District Court**
For the Northern District of California

**\*E-Filed: October 3, 2014\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES, for the use of CAPITOL BUILDERS HARDWARE, INC. dba CAPITOL DOOR SERVICE,<br><br>Use Plaintiff,<br><br>v.<br><br>SABER CONSTRUCTION, INC. and AMERICAN SAFETY CASUALTY INSURANCE COMPANY,<br><br>Defendants.<br>_____/ | No. C14-02785 HRL<br><br>**ORDER GRANTING USE PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT**<br><br>**ORDER DENYING AS MOOT USE PLAINTIFF'S REQUEST TO ATTEND OCTOBER 7, 2014 HEARING BY TELEPHONIC APPEARANCE**<br><br>[Re: Docket Nos. 11, 17] |

The United States, for the use of Capitol Builders Hardware, Inc. dba Capitol Door Service, sues Saber Construction, Inc. and American Safety Casualty Insurance Company, asserting a claim on the Miller Act Payment Bond as well as state law claims for breach of contract and quantum meruit. Capitol Builders moves to file a first amended complaint. Dkt. No. 11. Defendants do not oppose the motion. The motion is deemed suitable for determination without oral argument. The October 7, 2014 hearing is vacated. Civ. L.R. 7-1(b). Capitol Builders' request to attend the October 7, 2014 hearing by telephonic appearance is denied as moot. Dkt. No. 17. Based on the moving papers, the Court grants the motion to file a first amended complaint.

Saber Construction was awarded Contract No. GS-09P-13-WB-M-0024 by the United States for improvements to the Robert F. Peckham Federal Building and United States Courthouse, 280 South First Street, San Jose, California. Saber Construction, as principal, and American Safety

1  Casualty Insurance Company, as surety, executed and delivered a payment bond guaranteeing the
2  payment to all persons supplying labor and materials in the prosecution of the work provided for in
3  the contract.  Capitol Builders entered into a subcontract agreement with Saber Construction,
4  pursuant to which it furnished automatic door equipment and related labor and materials to Saber
5  Construction, which were used in the prosecution of the work provided for in the contract.  Capitol
6  Builders alleges that it has not been paid the amount due for the value of the labor, services, and
7  materials provided.

8       The original complaint alleges that the contract value is $66,087 and that Capitol Builders
9  has received partial payment of $6,608.70, leaving a balance due and owing of $59,478.30.  Capitol
10 Builders' counsel, William Baker, testifies that he inadvertently identified the amount of $6,608.70
11 as a partial payment made by Saber Construction, when in fact no payments have been made by
12 Saber Construction.  Baker Decl. ¶ 2.  According to Capitol Builders, $6,608.70 is the amount of
13 unpaid retention due on the project in addition to the previously invoiced amount of $59,478.30.  *Id.*
14 It seeks to amend the complaint to request $66,087 in damages, plus interest, attorneys' fees, and
15 costs.

16      In addition, Exhibit B to the original complaint is a copy of the subcontract agreement that
17 does not contain initials by Capitol Builders or Saber Construction acknowledging the new
18 subcontract amount.  Attorney Baker testifies that he recently located a copy of the subcontract
19 agreement that includes Capitol Builders' and Saber Construction's initials acknowledging the
20 revised subcontract amount.  *Id.* ¶ 3.  Capitol Builders seeks to amend the complaint by replacing
21 Exhibit B with a copy of the subcontract agreement that contains all of the parties' initials.

22      Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only
23 with the opposing party's written consent or the court's leave.  The court should freely give leave
24 when justice so requires."  In order to determine whether leave to amend should be granted, the
25 Court considers "'undue delay, bad faith or dilatory motive on the part of the movant, repeated
26 failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing
27 party by virtue of allowance of the amendment, [and] futility of amendment, etc.'"  *Eminence*
28

*Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, there is no evidence of undue delay, bad faith or dilatory motive on the part of Capitol Builders; repeated failure to cure deficiencies by amendments previously allowed; undue prejudice to Defendants, or futility of amendment.  Accordingly, Capitol Builders' motion is granted.  Capitol Builders shall file its attached proposed amended complaint forthwith, and in no case later than seven days from the date this order is filed.  Upon filing, pursuant to Rule 15(a)(3), Defendants will have 14 days to move to dismiss the amended complaint or otherwise respond.

**IT IS SO ORDERED.**

Dated: October 3, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  **C14-02785 HRL Notice will be electronically mailed to:**

2  Christian J. Gascou     cgascou@gascouhopkins.com

3  William Louis Baker     bill@wlbakerlaw.com

4  **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**